## GRAHAM v. GRAHAM.

Opinion delivered March 9, 1908.

SPECIFIC PERFORMANCE—IDENTIFICATION OF LAND.—Though a contract of dissolution of a partnership which provides that one of the partners shall convey to the other an undescribed lot of land is insufficient to identify the land, and though such defective description cannot be cured by parol evidence, yet, if the contract manifests an intention that all of the partnership property shall be conveyed by the one partner to the other, and the evidence shows that the lot in question was partnership property, the contract will be enforced.

Appeal from Saline Chancery Court; *Alphonso Curl,* Judge; reversed.

*Mehaffy & Armistead,* for appellnat.

The description of lands by a contract for conveyance does not need to set forth with the precision of metes and bounds. A practical location of the premises intended pursuant to the agreement is, in many cases, sufficient to give the requisite definiteness to a contract otherwise defective, and it will as a rule be held sufficient if the property intended to be conveyed can be identified by evidence properly admissible. 25 Am. & Eng. Enc. of L. (2 Ed.) 36 and authorities cited; *Id.* 37. The maxim *id certum est quod certum reddi potest* is applicable in actions for specific performance. A written instrument that contains all the details of a contract, except such as may be legitimately proved by parol, is sufficiently certain to be enforced. *Id.* 38 and notes 4 and 6. The deed containing a full description of the lot was turned over to appellant by appellees at the time he entered into possession of the business. This deed was introduced in evidence, and there is no evidence to dispute it. If parol evidence was used to "fit the description to the land," it was permissible to do so. 59 Am. St. Rep. 731; 167 Mass. 426; 204 Ill. 82; 136 U. S. 68; 66 Ala. 345.

*W. R. Donham,* for appellee.

The contract as to the lot is void for patent ambiguity, and it can not be aided by parol evidence. 23 Ark. 533; 30 Ark. 657; 60 Ark. 487; 68 Ark. 150.

McCULLOCH, J. A. J. Graham and G. N. Graham were partners in the mercantile business, and entered into the fol-

lowing written agreement for dissolution of the firm: "Be it known that the partnership existing between A. J. Graham and G. N. Graham, constituting the firm of Graham Bros., of Perrysmith, Arkansas, is this day dissolved by mutual consent. The said G. N. Graham retiring from the business and turning over to said A. J. Graham all moneys, merchandise, mortgages, notes, accounts, judgments, and leases on lots, all profits that have accrued to the said firm of Graham Bros., or all that are known to exist or that may develop hereafter, also Lot No. ........, Block No......., in the town of Perrysmith, Arkansas, the deed to the same to be made to A. J. Graham as early as convenient; all their rights this day assigned to A. J. Graham, who assumes all responsibility of outstanding debts and claims against the said Graham Bros, and the said A. J. Graham this day takes full charge and control of said lease on lots, houses, goods and fixtures, moneys, mortgages, notes, judgments, accounts, and everything of whatsoever kind and character known to belong to said Graham Bros., as well as all profits known to exist and all that may develop as belonging to the said firm of Graham Bros." E. J. Graham, wife of G. N. Graham, joined in the execution of this contract.

Pursuant to this agreement, all of the partnership property except the real estate in controversy, which is a small lot in the town or village of Perrysmith, was turned over to A. J. Graham, and he proceeded to pay the debts of the firm in accordance with the contract. Subsequently, G. N. Graham and wife refused to convey the lot in controversy, and A. J. Graham brought this suit in equity to compel them to do so, alleging in his complaint that it was partnership property, and was intended to be described in the aforesaid contract.

The contract contained no description of the lot, the description being left entirely blank, and that omission can not be supplied by parol for the purpose of identifying the property. *Fordyce Lumber Co.* v. *Wallace, ante* p. 1.

But the undisputed evidence in this case establishes the fact that this property was purchased with funds of the partnership, and was in fact partnership property, though the deed was made to G. N. Graham individually. At the time of the execution of the contract G. N. Graham delivered to A. J. Graham

the deed which had been executed by one Stucke and wife. The contract of dissolution very clearly contemplates that it should include all partnership property, and that same should be delivered and conveyed to A. J. Graham.

As the contract and evidence so clearly establishes these facts, the chancellor should have decreed specific performance.

Reversed and remanded with directions to enter a decree accordingly.